ELECTRONICALLY FILED - 2021 May 21 12:22 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002427

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| Hayley A. Hawkins, ) | |
| ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| vs. ) | |
| ) | |
| Outback Steakhouse of Florida, LLC, ) | |
| ) | |
| Defendant. ) | |

**TO: OUTBACK STEAKHOUSE OF FLORIDA, LLC, THE ABOVE-NAMED DEFENDANT.**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff's attorney, Kerri B. Rupert, 119 East Main Street, Lexington, SC 29072-3420, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

McWHIRTER, BELLINGER & ASSOCIATES, P.A.

By: *s/ Kerri B. Rupert*
Kerri B. Rupert (SC bar # 100557)
119 East Main Street
Lexington, SC 29072-3420
(803) 359-5523 Phone
(803) 996-9080 Fax
Kerri@mcwhirterlaw.com
Attorneys for the Plaintiff

Lexington, South Carolina

May 21, 2021

EXHIBIT B

ELECTRONICALLY FILED - 2021 May 21 12:22 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002427

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| Hayley A. Hawkins, ) | |
| Plaintiff, ) | **COMPLAINT** (Jury Trial Demanded) |
| vs. ) | |
| Outback Steakhouse of Florida, LLC, ) | |
| Defendant. ) | |

TO: **OUTBACK STEAKHOUSE OF FLORIDA, LLC, THE ABOVE-NAMED DEFENDANT.**

Upon information and belief, Plaintiff, respectfully, alleges and will show the following:

1. Plaintiff is a citizen and resident of Lexington County, State of South Carolina;

2. Defendant Outback Steakhouse of Florida, LLC, (hereinafter "Outback") is a foreign corporation organized and existing pursuant to the laws of the state of Florida and transacts business, solicits business, derives substantial revenue therefrom within the State of South Carolina for the purpose of carrying on its business;

3. Defendant has many locations in South Carolina to include Richland County, South Carolina;

4. Outback is duly authorized to conduct business in South Carolina and maintains agents and servants in Richland County, South Carolina;

5. At the time of the fall that is the subject of this Complaint and at all other pertinent times pertinent to it, Outback rented, occupied, operated, and maintained the real property located at 252 F Harbison Boulevard, Columbia, South Carolina as a restaurant;

6. The fall that is the subject of this Complaint occurred at Outback Steakhouse, which is located at 252 F Harbison Boulevard, Columbia, South Carolina;

7. Pursuant to S.C. Code Ann. Section 15-7-30(F)(1), venue is proper in Richland County, South Carolina;

8. Defendant Outback Steakhouse of Florida, LLC, is properly named in this Complaint;

9. Defendant has been properly served;

10. On or about October 29, 2019, Plaintiff was a patron in Defendant's restaurant;

11. At all times pertinent to this Complaint, Plaintiff was a business invitee on the premises;

12. Defendants, their employees and agents, owed a duty of care to the Plaintiff as a business invitee to discover risks and take safety precautions to warn of or eliminate unreasonable risks;

13. As the hostess led Plaintiff to her table, Plaintiff slipped and fell in a puddle of tea and/or water on the restaurant's floor that had been spilled from the pitchers sitting on a nearby ledge that the Defendants' employees used as a drink refill station;

14. Defendant had not placed any wet floor signs or other notices regarding the puddle of liquid on the floor;

15. The Defendant created a dangerous condition by causing liquid to spill or drip on the floor of a major thoroughfare for patrons like Plaintiff;

16. The Defendant created a dangerous condition by failing to keep the area dry;

17. Defendant owed duties of care to Plaintiff, including a duty to keep the floors free and clear of hazardous and dangerous wet conditions and to keep the premises in a reasonably safe condition, which Defendant violated;

18. Defendant owed Plaintiff and other invitees a duty to warn of dangerous wet conditions, which Defendant violated;

19. Defendant, acting by and through its agents, servants, and/or employees, either (a) created the dangerous condition by allowing the tea and water to spill on the floor and failed to clean it up, and thereafter, failing to remedy the condition by removing it or, in the alternative, (b) knew or should have known that the tea and water created a dangerous condition and failed to remove the tea and water pitchers from the end of the booths and remedy a dangerous condition, and (c) failed to warn the Plaintiff of the dangerous wet floor;

20. The dangerous condition foreseeably threatened the safety of invitees on the premises, including Plaintiff;

ELECTRONICALLY FILED - 2021 May 21 12:22 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002427

21. As a result of her fall, Plaintiff suffered serious physical harm and injuries, the most serious of which was a right knee injury that required surgical repair, which caused Plaintiff to undergo physical pain, suffering, mental anguish, emotional distress, permanent impairment of health and bodily efficiency, permanent injury, and permanent scarring. Additionally, her fall-related injuries have caused and in the future will cause Plaintiff to have to spend money for medical treatment and to lose money in wages;

22. Plaintiff's injuries were directly/proximately caused by the Defendant's careless, negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions in one or more of the following particulars:

a) In creating a dangerous condition by failing to clean up the spilled water and/or tea on the floor;

b) In creating a dangerous condition by choosing to place the tea and water at the end of the booths and allowing them to drip onto the floor where patrons of the restaurant walked;

c) In failing to remedy a dangerous condition that it created and/or knew about or, through the exercise of due diligence should have known about;

d) In failing to keep the premises safe and free of dangerous conditions;

e) In failing to warn of the dangerous condition created by the tea and water dripping or spilling onto the floor;

f) In failing to maintain the restaurant in a safe condition for invitees, including Plaintiff;

g) In failing to provide a safe environment in which Plaintiff and other invitees patronized its restaurant;

h) In failing to supervise its employees in the care and maintenance of the floors;

i) in failing to supervise its employees in the care and maintenance of the tea and water refill stations;

j) In failing to take appropriate responsive measures to remedy the dangerous condition prior to the Plaintiff's fall, specifically, by removing the tea and water pitchers;

k) In such other particulars as the Discovery in the case and the evidence at trial may show.

ELECTRONICALLY FILED - 2021 May 21 12:22 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4002427

All of the above were the direct and proximate cause(s) of the injuries and damages suffered by the Plaintiff, said acts and/or omissions constituting violations of the duty/duties of care owed by Defendant to its customers and invitees, including Plaintiff, as set forth by the Statutory and Common Laws of this state;

23.   As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless, and/or willful and wanton acts and/or omissions of the Defendant, Plaintiff is informed and believes that she is entitled to a judgment in this matter in a sum to be determined by a jury;

WHEREFORE, Plaintiff prays for judgment in a sum sufficient to satisfy Actual damages, for Punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

McWHIRTER, BELLINGER & ASSOCIATES, P.A.

By: *s/ Kerri B. Rupert*
Kerri B. Rupert (SC bar # 100557)
119 East Main Street
Lexington, SC 29072-3420
(803) 359-5523 Phone
(803) 996-9080 Fax
Kerri@mcwhirterlaw.com
Attorneys for the Plaintiff

Lexington, South Carolina

May 21, 2021